### EBERT *v.* PARLE.

VENDOR AND PURCHASER—FORECLOSURE—PLEADING — JUDGMENT — TENDER—CROPS.

> In a suit for the foreclosure of a land contract for failure of defendants to make payment when due, where no relief was asked for under a provision of the contract giving plaintiff a lien on the crops in the nature of a chattel mortgage, plaintiff was not entitled, after his decree became absolute, to money from the sale of crops deposited by the tenant subject to order of the court, and stipulated to be treated as a tender from defendants on the amount due, where plaintiff failed to accept same and apply it upon the amount due during the redemption period.

Appeal from Macomb; Tucker (James G.), J. Sub-

The question of right to crops growing on, or rental of real estate, sold upon contract, see notes in 35 L. R. A. (N. S.) 1066; 38 L. R. A. (N. S.) 420.

mitted June 15, 1921.    (Docket No. 57.)     Decided
October 3, 1921.

Bill by Edmund L. Ebert against Walter J. Parle
and another for the foreclosure of a land contract.
From an order denying a motion to award a fund
arising from the sale of crops under a chattel mort-
gage provision of the contract, plaintiff appeals. Af-
firmed.

*Elmer H. Groefsema,* for plaintiff.

*Robert D. Heitsch,* for defendants.

MOORE, J.   On the 15th day of October, 1918, de-
fendants Parle purchased from plaintiff's assignors on
land contract a farm consisting of about 210 acres.
The consideration was $19,000, of which sum $4,925
was paid when the contract was executed.   The con-
tract calls for a $500 payment on the principal on the
15th of November, 1919, and each year thereafter
until fully paid, with 6 per cent. interest, payable
semi-annually.   The usual tax, insurance and repair
clauses are included.   On November 13, 1919, $500
was paid on principal and $126.23 interest.   On
January 27, 1920, $139.75 was paid as interest.   No
further payments were made.   A notice of forfeiture
of the land contract was served upon Mr. and Mrs.
Parle, at what date does not appear, but presumably
in June, 1920.   Mr. and Mrs. Parle had a tenant on
the farm.   July 1, 1920, the plaintiff commenced a
proceeding before a circuit court commissioner to
dispossess the tenant.   Service was had upon him and
his wife, but the record does not show that defend-
ants were made parties to this proceeding.

We now  quote from the record of the circuit court
commissioner:

"Testimony offered by plaintiff that the amount of the installments overdue under land contract and owing by Walter J. Parle was $695.73. Defendant C. Henry Graves stated that he would confess judgment upon the condition that plaintiff enter into an agreement whereby he might remain on the premises as tenant of the plaintiff. Plaintiff thereupon agreed to give defendants another lease and with the consent of both plaintiff and defendants judgment was entered against the defendants."

On July 30, 1920, the bill of complaint in this case was filed, in which it was averred:

"And that no suit or proceeding at law has been had or taken for the recovery or collection of the amount due and owing to plaintiff on the said articles of agreement or any part thereof."

The prayer of the bill in substance was:

"*First.* The defendants be required to pay up the amount of money due on the contract.

"*Second.* In case of failure to make such payment, that the equity of the defendants be sold to satisfy such debt; that in case such balance does not provide sufficient funds with which to pay up the amount owed by the defendants, then that plaintiff have a judgment for the balance and have execution for the collection thereof."

No copy of the land contract was attached to the bill of complaint. Later this was done and in the contract is the following provision:

"It is further hereby mutually agreed by and between the parties hereto that any crops raised on said farm or shares thereof or rentals which second parties shall receive therefrom shall be subject to a lien in favor of first parties in the nature of a chattel mortgage, securing the payment of any amounts which may become due on this contract during the year that said crops are raised or such rentals are earned, and if the said second parties become in arrears on this contract, any crop, shares or rentals earned shall be

subject to said chattel mortgage lien until such arrears are paid in full.. First parties shall have the right to enforce said chattel mortgage lien in the same manner as is provided for the foreclosure of chattel mortgages on personal property."

The defendants answered to the bill of complaint.

The tenant on the farm was in doubt as to what he should do with the proceeds of the crop. A stipulation was filed reading in part:

"Now, therefore, it is hereby stipulated and agreed that as fast as the said Charles Graves, the tenant on said farm, shall reduce said crops to cash, that the money shall be deposited in the Citizens National Bank at Romeo, Michigan, in the name of Edmund L. Ebert, and shall be there kept abiding the order of this court in this case, as to the disposition of same.

"It is further stipulated and agreed that any money so deposited shall be treated as a tender by the defendant Walter J. Parle to the plaintiff, Edmund L. Ebert, to apply upon indebtedness mentioned in the plaintiff's bill of complaint in this cause."

December 13, 1920, a decree was entered in the case by which the contract was declared null and void. We quote:

"And the court doth hereby further order, adjudge and decree that the said defendants, Walter J. Parle and Anna Isabelle Parle, shall have the right and are hereby given the right to redeem from the forfeiture of said land contract by paying eighteen hundred fifty seven and twenty-five one hundredths dollars ($1,857.25) with interest at the rate of six per cent. per annum from and after December 10, 1920, to the clerk of the said court at any time within sixty days after the 10th day of December, A. D. 1920, and that upon default of such payment the plaintiff shall have and is hereby given the relief granted him in the above decree."

After the 60 days mentioned in the decree expired the defendants moved the court to award them the

fund resulting from the sale of the crops. This motion was opposed because of the chattel mortgage provision of the contract, and for other reasons. February 18, 1921, the court made an order that $869.50 of the fund be paid over to the defendants. Neither party has appealed from the decree of the court, but the plaintiff has appealed from the order of the court just mentioned. The effect of his contention upon the appeal, if granted, is that after he has failed to accept the tender proffered by defendants, and apply it upon the amount due, and has taken a decree for $1,857.25, and after the time has expired in which defendants might redeem, he now asks that at least $500 received from the personal property be given to him.

No authority directly in point is cited by counsel. The language of Chief Justice MONTGOMERY in *Walker* v. *Archer*, 128 Mich. at p. 605, is illuminating. We quote:

"The plaintiff had, before bringing this proceeding, declared the contract forfeited, and was entitled, according to his contention, to proceed to obtain a recovery of the possession and the rental value of the property, The purpose of his suit could legitimately be for the latter object only. But payments were made from time to time. It is the contention of the plaintiff that these payments were made upon the contract. If so, the receipt of the payments amounted to a waiver of the right to proceed to recover possession, either *in toto* or *pro tanto*. If it be said that they were a waiver *pro tanto* only, and only operated to waive the right to insist upon his forfeiture previously declared until termination of the time covered by the stipulation, yet it cannot be doubted that such waiver was, to that extent, binding upon the plaintiff, and that the payment by Wool was a sufficient consideration for it. As each succeeding payment was made, the plaintiff was in a position where he had elected to treat the contract as forfeited and was entitled only to proceed against the land."

In the instant case there was no averment in the bill of complaint, nor was there a prayer to the effect that plaintiff was seeking any relief under the chattel mortgage provision of the contract.    It certainly would be inequitable under the decree plaintiff saw fit to take to now apply to the benefit of the plaintiff any of the proceeds arising from the sale of the crops, and at the same time not give the defendants further time in which to remain in possession of the land, and to reduce to the extent of the fund the amount found to be due under the contract, and to extend the time in which to redeem.

The order is affirmed, with costs to the appellees.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.